EDOUARD SOREL *vs.* ANNA MAY MILLER.

MAY 26, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a proceeding in equity. The bill was brought by the complainant as vendee of certain land in order to compel the respondent as vendor to specifically perform a certain contract entered into by them for the sale of said land. The respondent's answer was in the nature of a cross bill in which she prayed that such contract might be reformed because of mutual mistake, and that she be granted other incidental relief.

The cause was heard in the superior court on bill, answer, replications and proof; and a justice of that court denied and dismissed both the bill of complaint and the answer in the nature of a cross bill. From the entry of a decree in accordance with such decision the respondent did not appeal but the complainant duly prosecuted his appeal to this court.

It appears from the evidence that the land in question, containing about two and one half acres, is part of a farm situated in the town of Cumberland, in this state, at the corner of New York avenue and Hines road. The contract which is the basis of the litigation between these parties bears the date of July 2, 1940 and reads as follows:

"Agreement.

Agreement made this second day of July, A.D. 1940 by and between Anna May Miller of Cumberland, Rhode Island and Edouard Sorel of Central Falls, Rhode Island: Witnesseth:

1. Anna May Miller is the owner of certain land in Cumberland, Rhode Island, containing two and one half acres, more or less, on Hines Road to pipe line and also New York Avenue, which land she hereby agrees to sell to Edouard Sorel for the total price of five hundred dollars, on which to date the sum of one hundred and fifty dollars has been paid leaving a balance of three hundred and fifty dollars payable at ten dollars per month each month until paid in full at which time Anna May Miller will execute a Warranty Deed to Edouard Sorel;

2. Edouard Sorel hereby agrees to pay the further balance of three hundred and fifty dollars at ten dollars each month, on or before the fifteenth of each month

in consideration of receiving a Warranty deed when said five hundred dollars are paid in full.

3. Consideration is acknowledged by each party hereto.

4. This agreement shall be binding on the heirs, assigns, of each or either of said parties hereto.

5. In witness whereof we have hereunto set our hands and seals this 2nd day of July, A.D. 1940.

(Signed) Raymond Z. Macomber

Witness to both signatures

July 6, 1940   (Signed)  Anna May Miller

(Signed)      Edouard Sorel"

The evidence shows that this contract was drawn by the witness thereto, Raymond Z. Macomber, who was a surveyor or civil engineer, and who apparently was acting for the complainant in this connection. Prior to the bringing of the bill, the complainant had paid to the respondent in full the $500 called for in the contract and she, as vendor, tendered to the complainant a warranty deed dated March 19, 1943, which the latter refused to accept, maintaining that it did not convey all the land called for in the contract. The dispute between the parties centered about the correct location of the northeasterly boundary of the tract of land in question. The complainant contended that the respondent had failed to include in her deed to him a triangular-shaped piece of land lying along part of said alleged boundary and containing about 0.215 of an acre, whereas the respondent argued that the deed tendered was in accordance with the contract and the intent of the parties.

It appears from the testimony and the plats in evidence that the respondent owned a lot of land which was located at the corner of New York avenue and Hines road and which contained 2.49 acres, being a part of her farm. Before signing the contract in question the complainant, accompanied by an agent of the respondent, went a short distance into this lot and viewed it. On three sides of the lot stone walls were visible, indicating its boundaries. However, while there was also a stone wall on the remaining, or northeasterly, side of

the lot, the wall was broken in places and was concealed from ordinary view by a thick growth of trees, bushes and underbrush.

Further, about 33 feet of this wall, as it extended north-westerly from Hines road, had been taken down where a small portion of an easement of a right of way cut across the extreme easterly corner of the lot in question at the road boundary line. This right of way, which ran through the re-spondent's farm and crossed Hines road, had been granted by the respondent to the Standard Oil Company of New York under an instrument in writing on March 9, 1931, which had been duly recorded in Cumberland. The right of way, which was two rods wide, was to enable the oil company to construct and maintain therein an underground pipe line for the transportation of petroleum products. The right of way, which was referred to in the evidence as the "pipe line", extended in part from Hines road, where it was marked by a cement bound, in a northwesterly direction across the re-spondent's farm at a slight angle away from the lot which the complainant had viewed and which was enclosed by the stone walls as above described. In crossing the easterly corner of said lot at Hines road this right of way occupied only 0.01 of an acre thereof.

Apparently neither the complainant nor the respondent's agent knew exactly where this pipe line right of way was located until some time after the contract had been signed and the complainant had taken possession of the lot. The evidence tends to show that its location was not easily visible, as the ground at that point was overgrown with bushes and underbrush.

The respondent's contention is that under the contract the complainant bought only the lot within the four stone walls, less the small corner included in the right of way, and that the reference in the contract to the description "on Hines Road to pipe line" merely fixed the boundary on Hines road of the lot sold. The deed which she tendered to the complainant conveyed the above-described lot in accordance

with her contention. The complainant, however, maintains that his northeasterly boundary for its whole length is the pipe line, meaning along the line of the said easement, which would give him, in addition to the lot already referred to, a triangular piece of land northeasterly of and outside of the broken stone wall, the apex of the triangle being at said wall about 33 feet in northwesterly from Hines road, and the base of the triangle being ascertained by prolonging the line of the stone wall on the northwesterly side of said lot easterly 75 feet to the pipe line.

The trial justice held in substance that the contract must be certain and definite in respect to the description of the land, which was the subject of the contract, before specific performance thereof could properly be decreed. See 49 Am. Jur. 134. He then found that the contract lacked such certainty and definiteness, since it clearly appeared that one boundary in particular of the property namely, the northeasterly boundary, was lacking in the description contained in the contract. On that question he refused to follow the complainant's contention that, under the description, the northeasterly boundary of the property was the pipe line. Instead he adopted the respondent's view of the contract as being more reasonable, to the effect that the provision therein, "on Hines Road to pipe line", merely fixed the boundary of the property on Hines road as extending from its junction with New York avenue to the point where the pipe line intersected the line of Hines road.

Further the trial justice found nothing in the evidence, in the conduct of the parties, or in the language of the receipts for the installment payments of money which the complainant had made to the respondent for the land, which in any way cured the uncertainty in the contract itself and would permit the entry of a decree ordering its specific performance.

We have considered the contract entered into by the parties and the evidence in the case, including the various exhibits, and have come to the conclusion that, on the question of lack of certainty and definiteness, the trial justice applied

the correct principle of law in construing the contract. Also we cannot say that his findings of fact on the evidence above referred to were clearly wrong. We therefore find no error in his decision in this respect.

The complainant, however, also argues that, with the acquiescence of the respondent, he occupied and improved the triangular piece of land in dispute northeasterly of the broken stone wall in such a manner as to cure any defect in the description of the property intended to be covered by the contract. He admitted that when he signed the contract and thereafter entered into possession of the lot he did not know its exact bounds. Later he had a survey made, and the surveyor apparently assumed that the line of the broken stone wall on the northeasterly side of the lot and the line of the right of way for the pipe line were contiguous. The complainant apparently did more or less clear the tract in dispute by cutting the brush thereon. This land was watered by a brook or spring and at one time the complainant kept ducks there. He also built a small shed on the area in question but took it down after a short time. In addition he had another shed directly on the line of the broken stone wall.

The respondent denied that she acquiesced in any of these acts of the complainant, and it is to be noted that after learning of them she brought an action of trespass and ejectment against him in relation to the possession of the disputed tract. The trial justice held that the evidence did not support the complainant's contention as to his occupancy and improvement of said tract, and that his acts in this connection were indefinite, sporadic and unsubstantial. We have examined the evidence on this point and we cannot say that his holding was clearly wrong. On the entire record it is our opinion that the decision of the trial justice was without error.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Zygmunt J. Czubak,* for complainant.

*Stephen A. Fanning,* for respondent.